UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE SHERWIN-WILLIAMS COMP.,[1]

        Plaintiff,

v.

**DECISION AND ORDER**
09-CV-753S

JIM BALL PONTIAC-BUICK-GMC, INC.,

        Defendant.

    1.     Plaintiff commenced this action against Defendant on August 26, 2009 by filing a Complaint in this Court alleging claims for breach of contract and unjust enrichment. (Docket No. 1, Compl.) Plaintiff's claims arise out of a "Supply Agreement," whereby Defendant allegedly agreed to purchase certain quantities of Plaintiff's products for a specified duration. (Compl. ¶ 9.) Plaintiff did not attach a copy of the Supply Agreement to the Complaint because it allegedly "contains proprietary information and [because] Jim Ball already possess a copy." (Compl. ¶ 9.)

    2.     After Defendant failed to respond to the initial pleading, or take any other action in this case, the Clerk of the Court, upon Plaintiff's motion, entered default against Defendant. (Docket No. 4.) Thereafter, Plaintiff moved this Court for default judgment (Docket No. 5), seeking an amount of "$222,913.43, plus costs and disbursements in the amount of $390 plus additional per diem interest of $51.61 from February 19, 2010 to the date judgment is entered" (Docket No. 5, Frushour Aff.). Plaintiff did not attach a copy of the Supply Agreement to its motion.

---

[1] Although the caption originally named Plaintiff "Sherwin-Williams Automotive Finishes Corp." Plaintiff states that, following the commencement of this action, it has been merged into the Sherwin-Williams Company. (Docket No. 5, Frushour Aff. ¶ 1 n. 1.) Thus, Plaintiff asks this Court to amend the caption to reflect that it is now known as "The Sherwin-Williams Company."

3. Local Rule 55(a)(3) requires that the party seeking default judgment submit a statement demonstrating that the principal amount due is "justly due and owing." In this Court's view, Plaintiff has failed to satisfy this requirement. Neither in its Complaint nor in its Motion for Default Judgment has Plaintiff appended a copy of the Supply Agreement, the document under which its breach of contract claim expressly rests. Although, according to Plaintiff, "Jim Ball already possess a copy," this Court does not and, as a result, cannot confirm whether the principal amount sought is justly due and owing.

4. This Court, however, is mindful of the concern that the Supply Agreement contains confidential information. Thus, pursuant to Local Rule 5.4(b), this Court directs Plaintiff to file a copy of the Supply Agreement under seal with the Clerk of the Court.

IT HEREBY IS ORDERED, that Plaintiff is DIRECTED to file a copy of the Supply Agreement under seal with the Clerk of the Court by on or before March 26, 2010.

FURTHER, that Plaintiff is DIRECTED to clarify and supplement its statement in support of its damages request by including citations to the Supply Agreement and shall do so by on or before March 26, 2010.

SO ORDERED.

Dated: March 19, 2010
      Buffalo, New York

      /s/William M. Skretny
      WILLIAM M. SKRETNY
      Chief Judge
      United States District Court